**Dated: October 22, 2015**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Joshua A. & Diana M. Johnston, | ) | Case No.  14-13090-JDL |
| | ) | Chapter 7 |
| Debtors.. | ) | |
| | ) | |
| Joshua A. & Diana M. Johnston, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| U.S. Dept of Education (Sallie Mae), | ) | Adv. No.  14-1118-JDL |
| American Education Services & Suntrust | ) | |
| on behalf of PHEAA, & Nat'l Collegiate | ) | |
| Trust, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Educational Credit Management Corp., | ) | |
| | ) | |
| Intervenor. | ) | |

**Memorandum Opinion Regarding Defendants' and Intervenor's Motion in Limine**

This is an adversary proceeding brought by Debtors seeking a determination that education loans are dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(i). The adversary is set for trial on November 2, 2015. The matter is before the Court on *Defendants' and Intervenor's Motion in Limine* filed October 12, 2015 (the "*Motion*") [Doc. 57] and *Plaintiffs' Response and Objection to Defendants' and Intervenor's Motion in Limine* filed on October 17, 2015 [Doc. 59].

The *Motion* seeks to "exclude from introduction as evidence the expert testimony of the ten (10) medical professionals identified as witnesses 9 through 18, inclusive, and the introduction of 'expert' documentary evidence identified as Exhibits 1 through 6, inclusive, set forth in Plaintiffs' Witness and Exhibit List" filed September 22, 2015. [Doc. 55]. The basis of the *Motion* to exclude the testimony of the witnesses is that Plaintiffs have failed to comply with any of the requirements of disclosure pursuant to Fed. R. Civ. P. 26(a)(2), made applicable to these proceedings by Fed. R. Bankr. P. 7026. Specifically, Defendants assert that Plaintiffs are precluded from using the medical witnesses as experts since they were not identified as experts in the required witness and exhibit list [Doc. 55] nor were any disclosures made under Rule 26(a).

As to the exclusion of documentary evidence, the *Motion* asserts that any purported evidence concerning the authorship of disability standards and expert medical opinions has not been properly identified nor has the methodology employed been disclosed. For the reasons set forth below, the Court grants the *Motion* in part and denies it in part without prejudice.

2

Plaintiffs characterize the issue before the court as whether a treating physician testifying based upon his personal knowledge and observation of the patient is a lay witness rather than an expert witness under Fed. R. Evid. 701. In support of this characterization, Plaintiffs cite the cases of *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999) and *Weese v. Schukman,* 98 F.3d 542 (10th Cir. 1996). In *Schukman*, the Tenth Circuit held that the District Court did not err in allowing the defendant physician to testify as to his opinions whether his care met the standard of care and about causation as a lay witness: "Although the plaintiff does not challenge the treating physician's testimony under the lay opinion will, we note that any opinions offered by the physician were based on his experience as a physician and would clearly be helpful to an understanding of his decision-making process in the situation". 98 F.3d at 550. In *Davoll,* the Tenth Circuit stated that the treating physician's testimony as to the plaintiff suffering stress was "within the province of a lay witness such as the physician who has personal knowledge of the situation". The Court also noted that "a treating physician, even when testifying as a lay witness, may state expert facts to the jury in order to explain his testimony". 194 F.3d at 1138.

The problem with Plaintiffs' reliance upon *Davoll* and *Weese* and characterizing her treating physicians as lay witnesses and not experts is that subsequent to *Weese* and *Davoll,* Rule 701 was amended in 2000. The language restricting opinions by lay witnesses only to opinions "not based on scientific, technical, or other specialized knowledge within the scope of Rule " was added "to ensure that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a lay person". Fed. R. Evid. 701

Advisory Committee Notes. *See* 4 J. Weinstein & and M. Berger, *Weinstein's Federal Evidence* § 701.03 [4] [b], at 701- 31 [2nd Ed. 2012] (noting that the 2000 amendments to Rule 701 insures that evidence qualifying as expert testimony . . .will not evade the reliability scrutiny mandated by . . . Rule 702 . . . and provides assurance that the parties will not use Rule 701 to evade the expert witness pretrial requirements of Fed. Rule Civ. Proc. 26 and Fed. R. Crim. P. 16."). A witness not properly identified as an expert pursuant to Rule 26 may thus testify as a lay witness to opinions which are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) <u>not based on scientific, technical, or other specialized knowledge within the scope of Rule 702</u>" (emphasis added). Fed. R. Evid. 701. The Advisory Committee on the Fed. R. Evid. notes that the 2000 amendment to Rule 701 was intended to distinguish between testimony rather than witnesses:

> "The amendment does not distinguish between expert and *lay witnesses,* but rather between expert and *lay testimony.* Certainly it is possible for the same witness to provide both lay and expert testimony in a single case . . .. The amendment makes clear that any part of a witness's testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the civil and criminal rules".

Fed. R. Evid. 701 Advisory Committee Notes to the 2000 amendments (emphasis in original).

The 2000 amendments thus restrict the permissibility of treating physicians lay testimony. "Rule 701 no longer permits a treating physician to offer 'any opinions . . . based on . . . experience as a physician . . . and clearly helpful to an understanding of the decision-making process in the situation, but requires that those opinions not be based on

4

scientific, technical, or specialized knowledge". *Castro-Medina v. Proctor & Gamble Commercial Co.*, 565 F. Supp. 2d 343 (D. P.R. 2008); *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 n.2 (7th Cir. 2004) ("a treating doctor [or similarly situated witness] is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation".); 4 J. Weisten & Berger, *Weinstein's Federal Evidence* § 701.03[4] [b], at 701- 37 (2d Ed. 2012) ("If the proposed testimony is based on scientific, technical, or other specialized knowledge, it is expert testimony." ); 29 C. Wright, V. Gold & M. Graham, *Federal Practice and Procedure* § 6253, at 119 & 2012 Supp. 30 (1997 & Supp. 2012) (noting that while there was "nothing in Rule 701 to prohibit a lay witness from arriving at an opinion to the application of specialized experience . .  the 2000 amendment to the provision establishes just such a prohibition".).

In *Parker v. Central Kansas Med. Center*, 57 F. Appx. 401, 404 (10th Cir. 2003) (unpublished), the Tenth Circuit held that "a treating physician who has not been identified as an expert witness pursuant to Rule 26(a)(2) may not provide testimony beyond the scope of her treatment of plaintiff and the physician's conclusions must fall within the province of a lay witness".  "Rule 701 does not permit a lay witness to express  an opinion as to matters which are beyond the realm of common experience and which require special skill and knowledge of an expert witness". *James River Ins. Co. v.  Rapid Funding, LLC, 658* F.3d 1207, 1214 (10th Cir. 2011).  A treating physician's opinions regarding the diagnosis of a medical condition or the causation of it are almost always expert testimony,

5

because diagnosis and causation requires judgment based on scientific, technical, or specialized knowledge in almost every case. *Ferris v. Pennsylvania Federation Brotherhood of Maintenance of Way Employees*, 153 F.Supp. 2d 736 (E.D. Pa. 2001) (a treating psychologist could not testify regarding any specific medical diagnosis of the plaintiff's medical ailments or the conditions from which he suffered-depression and anxiety disorder- are complex injuries beyond the knowledge of the average layperson.); *Daniels v. District of Columbia*, 15 F. Supp.3d 62, 69 (D. D.C. 2014) ("a treating physician who testifies as to her diagnosis and treatment of the patient is still giving expert testimony").

The only circumstance in which a diagnosis or prognosis may be made by lay testimony is where it is within the province of the common person. *See James River Ins. Co. V. Rapid Funding, LLC* 658 F.3d at 1214 ("Rule 701 allows lay witnesses to offer observations that are common enough and require a limited amount of expertise, if any".); *United States v. Henderson*, 409 F.3d 1293,1300 (11th Cir. 2005)(noting that the "diagnosis that the plaintiff's jaw was fractured would be permissible lay testimony.").

In language applicable to the present case, the United States District Court for the District of New Mexico, the Hon. Bruce Black, in *Witherspoon v. Navajo Ref. Co., LP*, 2005 WL 5988650, stated why the 2000 amendments to the Fed. R. Evid., dealing with expert testimony, suggest the care that must be taken to restrict the testimony of treating physicians not disclosed as experts under Rule 26 (a)(2):

> "Lay witnesses may only offer opinions based on their own perceptions and may not offer opinions based on scientific, technical, or other specialized knowledge. Federal R. Evid. 701. This latter restriction was added by a 2000 amendment in order to prevent parties from smuggling in expert testimony under Rule 701 (lay witnesses), thus, evading the reliability

6

>analysis of *Daubert* and the disclosure requirements of Rule 26 (a)(2). As a result, this amendment compels courts to categorize more testimony from treating physicians as subject to expert disclosure requirements and some courts have barred testimony from physicians about their diagnosis and treatment, finding that such opinions are necessarily based on expert knowledge. Dorothy Beane & Theodore E. Karatinos, *Catching the Chameleon: When is the Treating Physician an Expert?*, in 51-May Fed. Law 26, 27 (2004). Under Tenth Circuit law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond the treatment of a patient."

Consistent with Judge Black's analysis, this Court shares the opinion of other courts that a treating physician not identified as an expert shall not " be allowed to testify about plaintiff's current condition, prognosis, causation or permanency, and any other such forward-looking speculation, or other conclusion reached with the benefit of hindsight and after the underlying events that gave rise to the lawsuit". *Castro-Medina v. Proctor & Gamble Commercial Co.,* 565 F. Supp.2d 343 (D. P R. 2006); *Bynum v. MVM, Inc.*, 241 F.R.D. 52, 54 (D. D.C.2007).

Plaintiffs' medical witnesses have not been identified as experts, nor have any disclosures of information required by Rule 26(a) been made. Prior to 2010, there was a substantial debate as to whether a treating physician was an expert so as to require disclosure of a written report or whether the treating physician was a fact witness for which no report was required. The Federal Rules of Civil Procedure were amended in 2010 in recognition of the tension within the Rules for witnesses, like treating physicians, who "were not specially employed" within the meaning of Rule 26(a)(2)(B) so as to require them to submit a detailed expert report but were still testifying as experts.

7

Under Rule 26(a)(2)(C) and Fed. R. Bankr. P. 7026, the party presenting *any* expert testimony must satisfy several prerequisites, including disclosure of the identity of the witness offering expert testimony, Rule 26(a)(2)(A), and disclosure of both the subject matter of the expert testimony and a summary of the facts and opinions to which the witness is expected to testify. Rule 26(a)(2)(C).  If a witness is "one retained or specially employed to provide expert testimony," the Rule 26(a)(2)(A) disclosure "must be accompanied by a written report". Rule 26(a)(2)(B). The timing of these expert disclosures, even if a written expert report is not required, is "at least 90 days before the date set for trial," unless the court orders a different time.  Rule 26(a)(2)(D).

While the Court stands to be corrected, it appears that all the medical witnesses are treating physicians rather than experts "retained or specially employed to provide expert testimony in the case" which would have required the production of a written report.  But aside from a written report, the use of a witness who is to testify based on "scientific, technical or other specialized matters" still requires certain disclosures.  There appears to be no question that Plaintiffs have not designated any of the medical witnesses as expert witnesses pursuant to Rule 26(a)(2)(A), nor submitted for any of these witnesses a proper Rule 26(a)(2)(C) disclosure statement that sets out (1) the subject matter of the treating physician's testimony and (2) a summary of the facts and opinions to which the treating physician is expected to testify.  What is the effect of such noncompliance?

Fed.R. Bankr. P. 7037(c)(1) provides that " [I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the parties are not allowed to use that information or witness to supply evidence on a motion, a hearing, or the trial, unless the

failure was substantially justified or is harmless". Subsection (c) is "mandatory" unless the party putting forth the witness can comply with the Rule's requirement to show that its failure was substantially justified or harmless . *Elion v. Jackson*, 544 F. Supp.2d 1, 6,(D. D. C. 2008); *Norden v. Samper*, 544 F. Supp. 2d 43, 49 (D. D. C. 2008). "District Court's have broad discretion to exclude untimely disclosed expert-witness testimony". *Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952 (10th Cir. 2002). The Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Jacobsen v. Deseret Book Co., 287 F.3d at 953, quoting *Woodworkers Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999).

    Plaintiffs have not asserted any reason for their failure to make the proper disclosures other than an apparent misapprehension of the applicable law, i.e., the belief that because the treating physicians are "fact or lay witnesses" no disclosures under Rule 26(a)(2) (C) were required. For the reasons stated above, such is not the law. Permitting Plaintiffs to introduce expert testimony at a trial scheduled 10 days hence without having made timely disclosures would constitute unfair prejudice or surprise to Defendants. Given the prior continuances of the trial date, the Court does not believe it appropriate to once again continue the same due to Plaintiffs' failure to comply with the Federal Rules.

IT IS THEREFORE ORDERED that Defendants' *Motion In Limine* is sustained to the extent that Plaintiffs are precluded from introducing any testimony from their medical witnesses which purports to state an opinion, current condition, prognosis, causation, disability or permanency thereof, and any other such forward-looking speculation regarding the medical condition of Plaintiff, Diana M. Johnson. The testimony of the medical witnesses shall be restricted to their personal observation and treatment of Plaintiff, Diana M. Johnston. As to the admissibility of said Plaintiff's medical records, the Court reserves the right to determine their admissibility on any ground at the time they are offered into evidence; however, any portion of the records which the Court finds to contain opinions as to causation, prognosis or evaluation of disability shall not be admissible.

###